RECEIVED
DEC 29 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JONAS J. DENNIS and HELEN W. DENNIS | CIVIL ACTION NO. 11-530 |
| VERSUS | JUDGE TRIMBLE |
| AMY MCDONALD | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

On October 18, 2011, the parties to the above-captioned suit appeared before the court for oral argument as to defendant's motion to dismiss and to substitute party.[1] During that hearing, the court heard argument from both parties concerning the need to address jurisdictional considerations before further proceedings are undertaken. The court has asked for and, now, received briefs from each party as to the issues which must be addressed. For the reasons expressed below, the court finds that the allegations of plaintiffs' complaint are those of intentional tort involving deceit and misrepresentation and not the negligent handling of the mail and, therefore, the court lacks jurisdiction over plaintiffs' claims which fall outside the scope of the Federal Tort Claims Act ("FTCA").[2]

This suit was filed by Jonas Jeron Dennis and his wife, Helen Winn Dennis (hereinafter "Plaintiffs") in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. Plaintiffs' complaint alleges that Amy McDonald ("Defendant"), did intercept certain pieces of certified mail addressed to plaintiffs for the purpose of giving an advantage to defendant's own

---

[1] R. 4.
[2] 28 U.S.C. § 2671, et seq.

1

neighbors, with whom plaintiffs were involved in litigation at the time of the alleged offense.[3] Plaintiffs assert that defendant signed her own name to the return receipt notice attached to mail addressed to plaintiffs from the Louisiana Third Circuit Court of Appeal and did not deliver such certified mail to plaintiffs.[4] Plaintiffs also assert that, when questioned about the missing mail, defendant admitted that she intercepted the mail and explained that "she was only trying to protect her neighbor's interest because she did not want them to be hurt."[5] Plaintiffs further allege that defendant similarly intercepted several tax notices for property in Rapides Parish, causing plaintiffs to have to redeem their family home, sold at tax sale, for approximately $2,677.03.[6]

Asserting that plaintiff was, at all times relevant to plaintiffs' claims, acting within the course and scope of her duties as a contract postal carrier for the United States Postal Service, the United States ("Government") removed this suit to federal district court. The government also asserted that it was the proper party defendant to plaintiffs' claims and that, accordingly, the United States of America should be substituted as the sole defendant to this suit pursuant to 28 U.S.C. § 2679(d)(2).[7]

---

[3] R. 1-1 at ¶¶ 3 - 4.
[4] Id. at ¶ 5.
[5] Id. at ¶ 7.
[6] Id. at ¶¶ 9-12.
[7] § 2679(d)(2) provides that

> "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

Thereafter, the government filed a motion to substitute itself as the sole defendant to this suit and, also, to dismiss all claims by plaintiffs based on plaintiffs' failure to exhaust administrative remedies as required by Section 2675(a) of the FTCA.[8]  Specifically, the government asserts that, although plaintiffs submitted an administrative claim, they failed to wait the requisite six (6) months for agency review and determination.  As stated above, oral argument was granted and the parties appeared before the court.

The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances..."[9]  Thus, the FTCA constitutes a limited waiver of the United States' sovereign immunity from suit.[10]  The FTCA applies to create a right of action against the federal government when the alleged tortfeasor was acting "within the scope of his office or employment."[11]

Whether or not an alleged tortfeasor was acting within the course and scope of his or her employment is a factual inquiry determined by the law of the state in which the alleged tort occurred.[12]  Louisiana law provides that an employee acts within the course and scope of his employment when "the employee's action is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve his employer."[13]  While the court notes that both parties stipulate that defendant was acting within the course and scope of her employment as a postal carrier when the alleged offenses occurred, we disagree.  Additionally, we find that the course and scope issue is

---

[8] R. 4, 4-1.
[9] 28 U.S.C. § 2674.
[10] United States v. Sherwood, 312 U.S. 584, 586 (1941).
[11] Id.
[12] Bodin v. Vagshenian, 462 F.3d 481 (5th Cir. 2006); Garcia v. U.S., 62 F.3d 126 (5th Cir. 1995).
[13] Macaluso v. Travelers Cas. and Sur. Co., 59 So.3d 454, 459 (La. App. 1 Cir. 2011) citing Timmons v. Silman, 761 So.2d 507 (La. 2000).

jurisdictional in nature and, for that reason, it is within the court's purview to examine it to its satisfaction.[14]

Plaintiff's complaint alleges that defendant, motivated by her own personal desire to intervene in ongoing litigation between plaintiffs and her neighbors, intercepted mail by fraudulently signing her name and then causing such mail never to be delivered to plaintiffs. We find that these allegations, if proven, point to an intentional tort which was only related to defendant's employment in that her status as a postal carrier provided her with an opportunity to undertake the alleged actions. Moreover, plaintiffs clearly allege that defendant's motivation was purely personal, since her employer's interests are wholly unrelated to the outcome of the litigation which was ongoing at that time.

While the fact that defendant was in the midst of a regular work day and on her designated route at the time of alleged tort is clear, this fact is not determinative. Indeed, Louisiana courts recognize that an employee otherwise engaged in employment duties can deviate from such duties in order to advance purely personal interests.[15]

We note that the government advances the theory that defendant is, at most, guilty of negligence in this matter because she believed she had an agreement with plaintiffs to sign for their certified mail. The government admits that defendant signed for the missing mail and asserts that defendant's only mistake was to neglect to have plaintiffs sign such an agreement in writing, as is required by the Postal Service. The government offers no explanation, however,

---

[14] Although the course and scope certification by the Attorney General is conclusive for removal purposes, it is subject to review once removal occurs. Diaz v. U.S., 789 F.Supp.2d 722 (S.D.Miss. 2011) citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995); Garcia v. United States, 62 F.3d 126, 127 (5th Cir. 1995) (en banc).

[15] Avery v. U.S., 434 F.Supp. 937, 942 (D.C. Conn. 1977) (recognizing that torts committed in furtherance of the tortfeasor's own interests may not be equitably charged to the employer); C.D. of NYC, Inc. v. U.S. Postal Service, 2004 WL 2072032 (S.D.N.Y. 2004) (theft of mail by Postal Service employees is not within the scope of their employment because it does not serve the interest of the U.S. Postal Service to engage in the crime of conversion).

for the alleged theft of the mail. Regardless, our jurisdictional inquiry must rest upon the allegations of the complaint, not defenses offered in response thereto.[16]

Aside from this finding, the court also concludes that the FTCA does not apply because of its exemption for intentional torts, found at Section 2680(h). By virtue of that exemption, the government does not waive immunity from suit for claims

> arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights...

even when such actions are undertaken during the course and scope of employment. As expressed above, plaintiffs' allegations clearly describe theft of certified mail by fraud and/or "deceit." We find that the conduct at issue constitutes an intentional tort which is exempt from the FTCA's waiver of immunity.

Given our findings above, the court also finds that it lacks jurisdiction over plaintiffs' claims and that the appropriate remedy is remand. We decline to dismiss plaintiffs' claims on the basis that administrative remedies have not been exhausted, based upon our finding that the FTCA does not govern plaintiffs' claims. To the extent that the government's motion to be substituted as party defendant pursuant to the Westfall Act[17] is still pending, such motion is denied and defendant Amy McDonald remains the sole named defendant to this suit.

Accordingly, the court will issue a judgment directing remand of plaintiffs' suit to the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana, where it was originally filed.

---

[16] Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa., 876 F.2d 1157 (5th Cir. 1989);

[17] The Westfall Act, 28 U.S.C. § 2679(d), states that the government may remove a suit to federal court and substitute itself in place of a federal employee defendant who committed a tort while acting within the scope of his employment. Because the court finds that the allegations, if proven, prohibit a finding that the employee at issue was not acting within the course and scope of her employment at the time of the alleged tort, the government is not a proper party to this suit.

Alexandria, Louisiana
December 29, 2011

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE