UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JONAS J. DENNIS<br>and HELEN W. DENNIS | CIVIL ACTION NO. 11-530 |
| VERSUS | JUDGE TRIMBLE |
| AMY MCDONALD | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER AND JUDGMENT

Before the court is a motion for reconsideration by the United States of America ("Government") seeking reconsideration of this court's prior ruling denying substitution of the Government and remanding this case to the state district court from which it was removed.[1]

This suit was filed by plaintiffs in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana on February 16, 2011.[2] It was removed to the Western District Court on April 4, 2011 by the Government based on the certification of the Attorney General that Amy McDonald, the named defendant, was acting within the course and scope of her employment with the United States Postal Service ("USPS").[3]

Shortly thereafter, the Government filed a motion to substitute itself in place of McDonald and to dismiss plaintiff's claims for failure to exhaust administrative remedies.[4] The court called for oral argument, which was held on October 18, 2011 before the undersigned in

---

[1] R. 18.
[2] R. 1-1.
[3] R. 1. Although the Government's Notice of Removal erroneously references an automobile accident and does not reference or attach a course and scope certification by the Attorney General, successive proceedings make it clear that such was the basis for removal.
[4] R. 4.

Alexandria, Louisiana.[5] Counsel for plaintiffs and the Assistant U.S. Attorney appeared and offered argument on several issues which pertained to this court's jurisdiction, including the impact of course and scope determination.[6] After receipt of briefs by the parties, the court issued its ruling denying the Government's motion for substitution and to dismiss.[7]

The Government's instant motion seeks reconsideration of our ruling on the basis that the court erred in denying substitution and dismissal based on Osborne v. Haley, 549 U.S. 225 (2007) and contradicts portions of the Government's prior argument before this court. The court has reviewed the Government's motion, as well as plaintiffs' opposition thereto.[8]

In Osborne, the U.S. Supreme Court considered whether or not the Sixth Circuit's reversal of a district court denial of substitution and subsequent remand to state court was proper

---

[5] R. 7.
[6] Tr. 30:18 – 31:16, which reads:

| | | |
|---|---|---|
| | Ms. Vincent: | But I think that is the – I think that's what needs to be resolved. I don't think there's any question about that. Because if she's not in the course and scope, you know, if that's – that can either be appealed up to the Fifth Circuit or it goes back and she could be brought as a defendant individually in state court. I mean I think that's the ball of wax here. |
| | Mr. Larvadain: | I think she can be guilty of committing a tortious act that does not fall under the negligent transmission of the mail. I think she can. |
| | Ms. Vincent: | No, if it's a state tort she is immune from liability, no question about it. And the law is many times over going to support that. However, if she's not in the course and scope, then the federal tort claims act does not even apply because it only applies to torts committed by federal employees in the course and scope of their employment. |
| | The Court: | My…law clerk has suggested that if the Federal Tort Claims Act does not apply then exhaustion is not an issue and the court can remand it to the Ninth Judicial District Court. |
| | Ms. Vincent: | That's correct, but you'd have to find her not in the course and scope… |

[7] R. 16.
[8] The Government's motion represents that this motion is unopposed. The record reflects that the motion is opposed by plaintiffs.

under the Westfall Act. The Court held that, while the certification of the Attorney General was final for purposes of removal, making remand unavailable to the district court, such certification was not final as to the merits. Reasoning through the eventuality that a district court might find that an employee was, for merits purposes, outside the course and scope of his employment, the Court instructed that the district court should retain the matter for resolution, even when all prior jurisdictional grounds vanish. The Court recognized that, since a course and scope certification is reviewable, necessary evidentiary hearings may interfere with the individual defendant's Seventh Amendment right to a trial by jury, but opined that such instances, generally involving intentional tort allegations, are rare and don't necessarily require district courts to supplant a jury as to liability.

Unfortunately, the case before this court is just the unique blend of allegations which give rise to a Seventh Amendment issue. If the court conducts an evidentiary hearing, it would be called upon to determine whether the preponderance of the evidence demonstrates that plaintiff committed an intentional tort, rather than a negligent transmission of mail. This would constitute an ultimate finding on the issue of liability, leaving damages as the only issue for a jury. The court believes that this procedure would impermissibly deprive McDonald of her right to trial by jury.

More fortunately, we do not reach this impasse at this time because of the intervening issue of exhaustion.[9] Neither party disputes that plaintiffs have not exhausted their

---

[9] Assuming that plaintiffs chose to refile their claim once exhaustion is achieved, the court will likely be forced to determine how best to conduct a review of the course and scope certification without impermissibly infringing upon McDonald's right to trial by jury under the Seventh Amendment as to the issue of liability. The court advises the parties to give this issue some thought prior to this eventuality becoming an exigent reality, particularly in light of McDonald's potential need for separate counsel.

3

administrative remedies in this case, which we now find deprives this court of jurisdiction in this matter.[10] For that reason, it is hereby

**ORDERED** that the Government's motion for reconsideration[11] is **GRANTED** and the court's prior order denying substitution and remanding is **VACATED**.[12]

Accordingly, it is further

**ORDERED, ADJUDGED** and **DECREED** that the Government's motion to substitute and dismiss is **GRANTED** in full and, therefore, plaintiffs' above-captioned suit is **DISMISSED** without prejudice for want of jurisdiction.

We note, however, our regret at being constrained to dismiss this matter. The plaintiffs filed their FTCA claim on or about February 14, 2011. Plaintiffs' claim has not, more than one year later, been adjudicated. While we expressly reject plaintiffs' theory of dual causes of action, one in state court and one under the FTCA, as each claim requires plaintiffs to assert opposing views as to course and scope, we agree that the Government's failure to adjudicate this matter is oppressive to plaintiffs and has resulted in a waste of this court's resources.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 16th day of February, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] 28 U.S.C. § 2675(a); Dolan v. U.S. Postal Service, 546 U.S. 481 (2006) (spouse's loss of consortium claims were conceded to be barred for failure to exhaust administrative remedies as required by the FTCA); NcNeil v. U.S., 508 U.S. 106 (1993) (jurisdictional prerequisite not met where plaintiff received final agency determination on tort claim after filing suit, but before any substantial progress had been made in the litigation).
[11] R. 16.
[12] R. 15.